29562, 29563, 29564. McGHEE *v.* THE STATE.

DECIDED SEPTEMBER 24, 1942.

*Alex. McLennan, J. Howell Green,* for plaintiff in error.
*Roy Leathers, solicitor-general,* contra.

BROYLES, C. J. James McGhee was tried on two indictments.
One charged unlawful shooting at another; the other was in two
counts, one charging carrying of a concealed pistol, and the other
charging carrying a pistol without having a license. By consent
of the solicitor-general and counsel for the accused the three cases
were tried together, but there was no order of the court consoli-
dating the cases. After introduction of evidence and the defend-
ant's statement to the jury, a verdict of guilty in each case was
returned. Motions for new trial were overruled, and those judg-
ments are assigned as error in separate bills of exceptions.

Counsel for the accused earnestly contends that none of the
verdicts was supported by the evidence, and that the defendant
established a complete alibi. A careful study of the brief of evi-
dence in each case satisfies us that the verdict was authorized.
As to the alibi offered, the evidence did not demand a finding
that it would have been impossible for the accused to have been
at the scene of the offenses at the time of their commission.
"Alibi, as a defense, involves the impossibility of the prisoner's
presence at the scene of the offense at the time of its commission."
*Williams* v. *State,* 123 *Ga.* 138 (3) (51 S. E. 322). All three
offenses were committed on the same date, and the evidence au-
thorized the jury, in each case, to find against the defense of alibi.

The special grounds of the motions for new trial in each case
are identical. They assign as error the failure of the judge to

deliver a separate charge in each of the three cases, since different principles of law were involved, and the giving of only one charge "necessarily confused the jury in endeavoring to apply the principles of law given in the charge by the court to the facts of the three cases, some of the facts being applicable to one case and not to the other two, and vice versa." Counsel for the accused frankly admits in his brief that after an exhaustive examination of the Georgia cases he was unable to find any decision deciding this question, and that he failed to find such a decision from any other State. The record shows that the court in its charge distinctly and clearly informed the jury that they were trying three separate cases together, that they must render three separate verdicts, one for each of the three cases, and instructed them in detail as to the forms of the three verdicts.

While we have been unable to find a decision directly in point, we have no hesitation in holding that the failure of the judge, under the facts of the case, to give three separate charges, was not error. The fact that the judge in his lengthy charge, several times, inadvertently referred to the cases as "the case," could not possibly have misled the jury into believing that they were trying only one case. The overruling of the special assignments of error was not error for any reason assigned.

*Judgments affirmed. MacIntyre and Gardner, JJ., concur.*